IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NELLIE SUE WHITT,**

    Plaintiff,

v.                                                          Civil Action No. **3:14cv582**

**LEVI T. YANCEY, JR.**
**WENDY HOBBS,**
**TAMMY BROWN,**
**and**
**LISA HERNANDEZ,**

    Defendants.

## **MEMORANDUM OPINION**

This matter comes before the Court on Defendants Wendy Hobbs, Tammy Brown, and Lisa Hernandez's ("Moving Defendants" or "Wardens") Motion to Dismiss the matter against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 16.) The Moving Defendants seek to dismiss the only count in the complaint alleged against them, Count One. Because only some of the defendants bring the motion to dismiss, the Court will refer to it as "the Wardens' Motion."

Plaintiff Nellie Sue Whitt was an inmate at the Virginia Correctional Center for Women ("VCCW"). In Count One, Whitt sues Wendy Hobbs, Tammy Brown and Lisa Hernandez, all of whom, over time, have acted as warden of VCCW. Although Whitt has been released, her claims all stem from events during her incarceration. Whitt sues each of the Moving Defendants in their individual and official capacities.

---

[1] Fed. R. Civ. P. 12(b)(6) allows a party to seek dismissal for "failure to state a claim upon which relief can be granted."

Count One also alleges claims against defendant Levi Yancey, a "Correctional Administrator" or "Unit Counselor" at VCCW.[2] Whitt claims that Yancey engaged in ongoing acts of sexual misconduct against her. Yancey, appearing *pro se*, does not join the Wardens' Motion and instead filed an answer. (ECF No. 15.) Whitt sues Yancey in his individual and official capacities.

Whitt filed a response to the Wardens' Motion, and the Wardens replied. (ECF Nos. 21, 22.) The matter is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331[3] and 1343.[4]

For the reasons that follow, the Court will grant the Motion to Dismiss as to Defendant Hobbs and deny the Motion to Dismiss as to Brown and Hernandez.

---

[2] In Count Two of the Complaint, Whitt sues only Yancey for assault and battery under Virginia law. No party has moved to dismiss the assault and battery claim in Count Two.

[3] Section 1331 confers so-called federal question jurisdiction in the United States district courts: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[4] Section 1343 bestows original jurisdiction in the United States district courts for actions alleging deprivation of civil rights under color of state law:

> **(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> . . .
>> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3).

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must assert not just speculative or conceivable facts, but facts that state a plausible claim on the face of a complaint. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*,

324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## II. Procedural and Factual Background

### A. Summary of Allegations in Whitt's Complaint[5]

In Count One of the Complaint, Whitt alleges, pursuant to 42 U.S.C. § 1983,[6] that all Defendants violated her rights under the Eighth[7] and Fourteenth[8] Amendments of the United States Constitution and Article I, § 9 of the Constitution of Virginia.[9]

---

[5] For purposes of the Wardens' Motion, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Whitt. *Matkari*, 7 F.3d at 1134.

[6] Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[8] The Fourteenth Amendment states, in pertinent part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

[9] That section provides, in pertinent part:

That excessive bail ought not to be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; that the privilege of the writ of habeas

4

At all times relevant to this action, Whitt was an inmate in the custody of the Virginia Department of Corrections, held at either Fluvanna Correctional Center for Women ("FCCW") or the VCCW. From "the first time material hereto" until "approximately late 2011," Defendant Hobbs worked as the Warden of VCCW. (Compl. ¶ 6.) From late 2011 until "the end of all times material hereto," Defendant Brown served as the Warden of VCCW. (*Id.* ¶ 7.) During "all times material hereto," Defendant Hernandez performed as the Assistant Warden of VCCW. (*Id.* ¶ 8.) Hernandez is now Warden. Whitt sues the Moving Defendants in their individual and official capacities.

In February 1994, the Bedford County Circuit Court sentenced Whitt to forty years' incarceration upon her conviction for first-degree murder. The Commonwealth of Virginia first assigned her to VCCW in Goochland, Virginia. In April 1998, she was transferred to FCCW, and in November 2006, she was transferred back to VCCW. Whitt remained at VCCW until approximately July 2013, at which time she was transferred back to FCCW, where she remained for 104 days before her release on October 16, 2013.

Whitt first interacted with Yancey in mid-2007 at a parole hearing at VCCW. Sometime in 2010 or 2011, Yancey became the Unit Counselor for the building that housed Whitt. At some point during her incarceration at VCCW, Yancey began sexually abusing Whitt. Whitt does not specify when the alleged abuse began or ended, but she alleges instances of abuse in 2011 and on Mother's Day 2013.

---

    corpus shall not be suspended unless when, in cases of invasion or rebellion, the public safety may require; and that the General Assembly shall not pass any bill of attainder, or any ex post facto law.

Va. Const. art. I, § 9.

Beginning in "approximately 2011," Yancey began calling Whitt into his office "on approximately a daily basis," where he kept her "for three or four hours without any prison officials checking on her whereabouts" in violation of prison rules and regulations. (Compl. ¶¶ 13(c)–(d), 16.) Thereafter, Whitt alleges that "prison personnel permitted Yancey to keep Whitt in his office requiring only that she stick her hand out." (*Id.* ¶ 16.) Yancey told Whitt about his sexual experiences with other women and that he thought she was "sexy." (*Id.* ¶ 13(a)–(b).) Yancey engaged in ongoing sexual misconduct at various times and with escalating frequency and aggressiveness. Yancey kissed and fondled Whitt, forced her to masturbate him, forced her to provide oral sex to him, bit her nipples until she bruised, and inserted his fingers into her vagina until she cried and bled. Yancey threatened Whitt that if she told anyone about the abuse, she "would not get to go home." (*Id.* ¶ 14.) Whitt alleges that, "[o]n information and belief, another female inmate at the facility reported Yancey for similar conduct," and that it was "common knowledge at the prison that Yancey persistently called Whitt to his office." (*Id.* ¶ 16.)

With regard to Moving Defendants, Whitt alleges they "knew or should have known" that by "failing to adequately supervise staff" in isolated areas, "women prisoners, including Whitt, were at substantial risk of experiencing sexual misconduct." (*Id.* ¶¶ 18–20.) Whitt also claims that Moving Defendants "were all aware or should have been aware" that "obvious risks of sexual activity" exist "when women inmates are supervised by correctional staff and that the absolute disparity in power between staff and women prisoners renders sexual activity between staff and female prisoners inherently coercive." (*Id.* ¶ 31.) Whitt also contends that the Wardens' acts or omissions, through the Eighth and Fourteenth Amendments, amounted to a failure to "properly discharge [their] duty of adopting and enforcing implementation of the

Prison Rape Elimination Act of 2003" (the "PREA"). (*Id.* ¶¶ 33–35.) *See* 42 U.S.C. §§ 15601–15609 (2014).[10]

As a result of the abuse Whitt contends she suffered from Yancey, and Moving Defendants' failure to address the risk of harm from Yancey, Whitt suffered physical injuries and "has suffered and will continue to suffer severe psychological and emotional distress including depression, sleeplessness; extreme fear, anxiety and nervousness; pain and suffering and mental anguish; and other non-pecuniary loss." (Compl. ¶ 40.)

### B.     Procedural History

On August 19, 2014, Whitt filed her Complaint. (ECF No. 1.) On November 3, 2014, the Wardens filed their Motion to Dismiss. (ECF Nos. 16–17.) Whitt filed a response in opposition to the motion, and the Wardens replied. (ECF Nos. 21, 22.) This matter is ripe for disposition.

### III. Analysis

#### A.     Standard of Review for an Alleged Violation of the Eighth Amendment of the United States Constitution

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). "'[I]t is now well established that the Eighth Amendment serves as the primary source of substantive protection to convicted prisoners, and the Due Process Clause affords a prisoner no greater *substantive*

---

[10] Whitt also alleges that Yancey was charged in the Circuit Court for the City of Goochland with carnal knowledge of a prisoner in violation of Va. Code Ann. § 18.2-64.2 (West 2014). All parties have submitted a status report indicating that, during a bench trial on May 8, 2015, Yancey was found not guilty of that offense. (ECF Nos. 29–31.)

7

protection than does the Cruel and Unusual Punishments Clause.'" *Gray v. Stolle*, No. 3:11cv546, 2013 WL 4430915, at *4 n.13 (E.D. Va. Aug. 16, 2013) (quoting *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996)). To the extent Whitt alleges that Yancey's ongoing sexual misconduct constituted cruel and unusual conduct under the United States Constitution, her Eighth Amendment claims "subsume" any Fourteenth Amendment substantive due process claims she may attempt to allege.[11] *Id.*

To establish an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

### 1. A Plaintiff Must Show, Objectively, a Sufficiently Serious Injury

Under the objective prong, Whitt must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or

---

[11] Moving Defendants correctly note that Plaintiff's assertion of any Fourteenth Amendment claim is cursory at best. As stated above, any substantive due process claim regarding Whitt's conditions of confinement must be analyzed under the Eighth Amendment.
 However, to the extent Whitt seeks procedural – or, for that matter, substantive – due process under the PREA, any such Fourteenth Amendment claim appears to be futile. "Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." *De'Lonta v. Clarke*, No. 7:11cv483, 2012 WL 4458648, at *3–4 (W.D. Va. Sept. 11, 2012) (granting summary judgment on § 1983 failure to train claim because the PREA "authorizes grant money" and "creates a commission to study" the issue of prison rape, but it "does not grant prisoners any specific rights."), *aff'd*, 548 F. App'x 938 (4th Cir. 2013).

significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

### 2. A Plaintiff Must Also Show, Subjectively, that a Defendant Acted with a Sufficiently Culpable State of Mind, or "Deliberate Indifference"

The subjective prong of an Eighth Amendment claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to the plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Courts refer to such a standard as "deliberate indifference." *Id.* "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837; *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

### B. Any Eighth Amendment Violation Committed by Hobbs Appears to Fall Outside the Statute of Limitations

Before turning to other aspects of the Wardens' Motion, the Court must evaluate jurisdiction to hear Whitt's claim. Whitt and Moving Defendants correctly agree that a two-year statute of limitations applies to Whitt's § 1983 claims. Section 1983 provides a federal cause of action, but it looks to the law of the state in which the cause of action arose to supply the statute of limitations. *Shelton v. Angelone*, 148 F. Supp. 2d 670, 676–77 (W.D. Va. 2001), *aff'd*, 49 F. App'x 451 (4th Cir. 2002). The Supreme Court has held that the forum state's "general or residual statute [of limitations] for personal injury actions" applies to all § 1983 claims. *Id.* (citing *Owens v. Okure*, 488 U.S. 235, 250 (1989)). Virginia has such a residual statute for personal injury actions, and it provides that the action "shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A) (West 2014). Therefore, "the court must apply the two year limitation period set forth in [Section] 8.01-243(A) to all § 1983 actions arising in Virginia." *Shelton*, 148 F. Supp. 2d at 677.

Whitt filed her Complaint on August 19, 2014. Therefore, absent other considerations, the limitations period provided in Section 8.01-243(A) forecloses recovery on any violations that occurred before August 19, 2012,[12] and Whitt concedes as much. Whitt's complaint does not outline the timeline of alleged abuse in a clear fashion, but it appears that such abuse began sometime in 2011 and continued at least until Mother's Day 2013. Whitt states she does not seek to recover damages for the alleged abuses that occurred before August 19, 2012, (*see* Pl.'s Mem. Opp. Mot. Dismiss 4–6, ECF No. 21), but to the extent she does, the Court will grant Moving Defendants' Motion to Dismiss as to those acts.

---

[12] While the Court may ultimately deem allegations of prior abuse relevant to Whitt's claims of Eighth Amendment violations after August 19, 2012, that evaluation will occur at a later date on a more fully developed record.

As to Defendant Wendy Hobbs, Whitt specifically alleges that Hobbs served as Warden of VCCW only until "approximately late 2011." (Compl. ¶ 6.) Therefore, allegations against Hobbs, individually and officially, fall outside the statute of limitations. Accordingly, the Court will dismiss all claims against Defendant Hobbs.

### C. Whitt States a Claim for an Eighth Amendment Violation Because She Adequately Alleges that She Suffered from a Sufficiently Serious Injury and that Brown and Hernandez Acted With a "Sufficiently Culpable State of Mind"

For the following reasons the Court finds that Whitt's Eighth Amendment claims survive a motion to dismiss. Whitt must allege both that she suffered from a "sufficiently serious" deprivation and that Brown and Hernandez acted with a "sufficiently culpable state of mind." *See Farmer*, 511 U.S. at 834 (citation omitted) (internal quotation marks omitted).

#### 1. Whitt Alleges a Sufficiently Serious Injury

First, Whitt adequately claims that she has suffered from a "sufficiently serious" deprivation. Cruel and unusual punishment may be demonstrated when a prison guard sexually harasses or assaults an inmate. *Carr v. Hazelwood*, No. 7:07cv00001, 2007 WL 4410694, at *2 (W.D. Va. Dec. 14, 2007). "Sexual assault is 'not a legitimate part of a prisoner's punishment.'" *Id.* (quoting *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998)). Whitt alleges that Yancey, with increasing frequency and aggression, sexually abused her. (Compl. ¶ 13.) Accordingly, Whitt has sufficiently alleged the first element of an Eighth Amendment claim, that her injury was objectively "sufficiently serious."[13] *Shelton*, 148 F. Supp. 2d at 678.

---

[13] Moving Defendants concede that Whitt "has adequately alleged that she suffered a serious or significant physical or emotional injury." (Mem. Supp. Mot. 4–5, ECF No. 17.)

11

### 2. Whitt Adequately Alleges That Brown and Hernandez Acted With a Sufficiently Culpable State of Mind

At this early pleading stage, Whitt also alleges facts that plausibly show that Brown and Hernandez acted with a "sufficiently culpable state of mind[,]" meeting the second prong of the Eighth Amendment analysis. *Farmer*, 511 U.S. at 834 (citation omitted) (internal quotation marks omitted). Whitt must sufficiently contend both that Brown and Hernandez knew of the facts of the risk of harm to her and that they consciously disregarded those facts. *De'Lonta*, 330 F.3d at 634; *Bond*, 2011 WL 5599390, at *3.

Viewing the facts favorably to Whitt, she plausibly claims that Brown and Hernandez knew of the facts surrounding her sexual abuse at the hands of Yancey. Whitt alleges that Yancey kept her in his office for three or four hours at a time in violation of prison rules and regulations. (Compl. ¶ 16.) Prison officials allowed Yancey to hold Whitt in his office, "requiring only that she stick her hand out." (*Id.* ¶ 16.) The frequency with which Yancey called her into his office was "common knowledge" at the prison. (*Id.* ¶ 16.) These allegations are particularly important when the Court considers that Whitt also asserts that "another female inmate at the facility reported Yancey for similar conduct." (*Id.* ¶ 16.)

Allegations that prison personnel allowed Yancey to keep Whitt in his office in violation of prison regulations, after a report that Yancey had sexually abused another prisoner, survive a motion to dismiss. While scant, such facts, taken as true and with all reasonable inferences in favor of Whitt, plausibly suggest that Brown and Hernandez had knowledge of the facts surrounding Yancey's conduct through the prior report and the "common knowledge" at the prison. The facts also plausibly indicate that, armed with this knowledge, Brown and Hernandez consciously disregarded the facts by allowing Yancey to keep Whitt in his office for hours at a time contrary to prison rules. Whitt sufficiently alleges that Brown and Hernandez had "fair

notice" of Whitt's claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. While these allegations barely meet the standard the Court must apply, the heavily fact-based nature of this claim counsels caution against dismissal at this early procedural juncture.

Accordingly, because Whitt plausibly alleged that she suffered a sufficiently serious injury and that Brown and Hernandez acted with a sufficiently culpable state of mind, the Court denies Moving Defendants' Motion to Dismiss Whitt's Eighth Amendment claim as to Brown and Hernandez.[14]

---

[14] The Court briefly addresses two additional arguments regarding sovereign immunity and supervisory liability. First, in the Wardens' Memorandum in Support of the Motion to Dismiss, the Wardens summarily argue that sovereign immunity applies in this action, barring any relief sought, including injunctive relief. In her response, Whitt addresses sovereign immunity only as to injunctive relief. (*See* Pl.'s Mem. Opp. Mot. Dismiss 11.) The Complaint neither mentions nor seeks injunctive relief. The Wardens do not elaborate further on their sovereign immunity argument in their Reply. (Reply Supp. Mot. Dismiss, ECF No. 22.)

The Court will dismiss the claims to the extent Whitt brings suit against Moving Defendants in their official capacities. "States retain immunity from suits as 'a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . .'" *Beverly v. Lawson*, No. 3:10cv83–HEH, 2011 WL 586416, at *5 (E.D. Va. Feb. 9, 2011) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). "'[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.'" *Id.* at *4 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Sovereign immunity applies "'to state employees acting in their official capacity.'" *Id.* (quoting *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996)). "Therefore, [Whitt's] claims against [Moving] Defendants in their official capacities are barred by Virginia's sovereign immunity." *Id.* (citing *Dance v. City of Richmond Police Dep't*, No. 3:09cv423–HEH, 2009 WL 2877152, at *4 (E.D. Va. Sept. 2, 2009)).

Second, in Moving Defendants' Reply Brief in Support of the Motion to Dismiss, the Wardens for the first time argue that any claim proceeding on a theory of supervisory liability must be dismissed. Introducing an argument in a reply brief "denied [Whitt] a full opportunity to respond to [the] arguments and notice that [she] should address the issue." *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 512 (E.D. Va. June 6, 2014) (citing *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006)). The Court declines to address the argument as to supervisory liability raised in this procedurally flawed manner.

13

## IV. Conclusion

For the foregoing reasons, the Court grants the Moving Defendants' Motion to Dismiss (ECF No. 16) only as to Defendant Hobbs and to the extent Whitt brings an action against Brown and Hernandez in their official capacities. The Court otherwise denies the Motion to Dismiss Whitt's Complaint.

An appropriate Order shall issue.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: May 29, 2015
Richmond, Virginia