IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NELLIE SUE WHITT,

    Plaintiff,

v.                                              Civil Action No. **3:14cv582**

**LEVI T. YANCEY, JR.,**
**TAMMY BROWN,**
and
**LISA HERNANDEZ,**

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Levi Yancey, Jr.'s Motion for Leave to File Amended Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] (ECF No. 45.) Plaintiff Nellie Sue Whitt filed a response in opposition to the Motion, and Yancey replied.[2] (ECF Nos. 48–49.) The matter is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court grants Yancey's Motion. (ECF No. 45.)

---

[1] That rule states, in pertinent part: "**(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

[2] Defendants Brown and Hernandez filed no opposition to the Motion.

## I. Factual and Procedural Background[3]

On August 19, 2014, Whitt filed a Complaint against Yancey, a unit counselor at the Virginia Correctional Center for Women ("VCCW"), and Brown and Hernandez, current or former wardens with the VCCW,[4] in this Court, alleging one count of assault and battery against Yancey and one count, pursuant to 42 U.S.C. § 1983,[5] against all Defendants for violations of her rights under the Eighth[6] and Fourteenth[7] Amendments of the United States Constitution and

---

[3] The Court assumes familiarity with the procedural and factual background of this case as summarized in its May 29, 2015 Memorandum Opinion and Order. (ECF Nos. 35–36.) That opinion and order more fully describe the procedural and factual background of this case, and the Court repeats the background only to the extent necessary to inform for the present motion. All terms defined in that opinion and order will continue unless otherwise noted.

[4] Whitt also brought suit against Wendy Hobbs, another former warden at the VCCW. (*See* Compl. 1, ECF No. 1.) The Court dismissed the action against Hobbs in its May 29, 2015 Memorandum Opinion and Order. (*See* May 29, 2015 Mem. Op. 11, 14, ECF No. 35; May 29, 2015 O. 1, ECF No. 36.)

[5] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[7] The Fourteenth Amendment states, in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

2

Article I, § 9 of the Constitution of Virginia.[8] (ECF No. 1.) All allegations stem from Whitt's incarceration at the VCCW, during which she asserts that Yancey sexually abused her. For undisclosed reasons, the Virginia Office of the Attorney General represented all Defendants except Yancey. (*See* Not. Appearance Counsel, ECF No. 5.) Yancey proceeded in this Court *pro se*, appropriately making all required appearances. (*See* Yancey Answer, ECF No. 15.) Yancey's "answer," titled "Response to Complaint," denied most of Whitt's Complaint. (*See* ECF No. 15.) Yancey did not raise any affirmative defenses.

On March 30, 2015, the parties appeared before the Court for an initial pretrial conference.[9] At the conference, the Court set the trial in this matter to commence on December 16, 2015. (Initial Pretrial O. 1, ECF No. 33.) Discovery closes 70 days prior to trial. (*Id.* at 5.) The Court also ordered the parties to participate in settlement proceedings with the Honorable David J. Novak, United States Magistrate Judge. (ECF No. 27.) On June 11, 2015, Judge Novak ordered the Commonwealth of Virginia to obtain counsel for Yancey. (ECF No. 38.) Following a weeks-long appointment request process, the Commonwealth appointed counsel for Yancey (*See* ECF Nos. 41, 43, 47), and on July 9, 2015, Yancey's counsel made his

---

[8] That section provides, in pertinent part:

That excessive bail ought not to be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; that the privilege of the writ of habeas corpus shall not be suspended unless when, in cases of invasion or rebellion, the public safety may require; and that the General Assembly shall not pass any bill of attainder, or any ex post facto law.

Va. Const. art. I, § 9.

[9] The Goochland County Commonwealth's Attorney brought criminal charges against Yancey for carnal knowledge of a prisoner, in violation of Va. Code § 18.2-64.2 in the Goochland County Circuit Court (the "Circuit Court"). Yancey had counsel in the Circuit Court case. On May 8, 2015, the Circuit Court found Yancey not guilty of all charges. (*See* ECF Nos. 29–31.) Until its eventual outcome in a not guilty verdict, the then-pending criminal case necessarily slowed the pace of this action.

appearance in this matter. (ECF No. 44.) That same day, Yancey's counsel filed his Motion for Leave to File Amended Answer, seeking to "clarify Mr. Yancey's response and raise and preserve affirmative defenses," including the defense of the statute of limitations. (Mem. Supp. Mot. Leave File Am. Compl. 1, ECF No. 46.) Whitt filed a memorandum in opposition to the Motion, arguing that the progress of the case "should not be altered due to the sole fact that counsel has now been appointed." (Mem. Opp'n Mot. Leave Am. Compl. ¶ 4, ECF No. 48.)

## II. Analysis

### A.     Applicable Law:  Federal Rule of Civil Procedure 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) instructs that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

## B.     Justice Requires that the Court Grant Yancey Leave to Amend His Answer

The Court will grant Yancey leave to amend his answer because justice so requires it. No undue delay, prejudice, bad faith, or futility exists on the record before the Court.[10] First, no undue delay exists because Yancey's newly-appointed counsel moved to amend Yancey's *pro se* Answer shortly after he was appointed. Second, no prejudice exists because Yancey did not offer the Motion "shortly before trial or after the close of discovery." *Martin v. Scott & Stringfellow, Inc.*, 3:08cv417, 2009 WL 54510, at *1 (E.D. Va. Jan. 8, 2009). Instead, he filed the Motion five months in advance of the trial and two months prior to the close of discovery. (*See* Initial Pretrial O. 1, 5.) Additionally, no dispositive motion deadlines have passed. (*See* Initial Pretrial O. 6 ("All dispositive motions shall be filed not later than sixty (60) days prior to trial.").) Therefore, "ample opportunity remains for both parties to investigate" any issues raised by Yancey in his amended answer. *See Martin*, 2009 WL 54510, at *2. Third, no bad faith exists on the record, and Whitt acknowledges as much. (Whitt Mem. Opp'n ¶ 6.)

Finally, Whitt makes no real argument that Yancey's proposed amendments will be futile. She states that any possible statute of limitations defense would be futile because she does not intend to seek to recover for any events that occurred outside the applicable statute of limitations. (Whitt Mem. Opp'n ¶ 6.) However, given the Court's experience with this case, the possibility exists that the parties may not agree as to the application of the statute of limitations or any other affirmative defense. *Cf. Martin*, 2009 WL 54510, at *2 ("That the parties dispute

---

[10] In her Memorandum in Opposition to Yancey's Motion for Leave to File Amended Answer, Whitt does not argue that any of these factors exist. She seems to instead argue that Yancey personally opted to proceed *pro se* and should now be penalized for the Commonwealth of Virginia's appointment of counsel later in the case's progress. (Mem. Opp'n Mot. 1 n.1.) At best, this argument might fit within a "bad faith" factor, but Whitt acknowledges that no bad faith exists. (Mem. Opp'n ¶ 6.) Despite Whitt's inartful arguments, the Court will analyze the appropriate factors utilized by courts evaluating a motion pursuant to Fed. R. Civ. P. 15(a)(2).

the factual bases for the defense . . . does not render an amendment futile."). Yancey should be able to clarify his answer and raise affirmative defenses. Accordingly, the Court grants Yancey's Motion for Leave to File Amended Answer. (ECF No. 45.) The Court orders Yancey to file his amended answer within seven (7) days of entry hereof.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 8-4-15

6